UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OSCAR SERRANO              )
                           )
v.                         )     No.  3:12-00356
                           )     JUDGE CAMPBELL
UNITED STATES OF AMERICA   )

ORDER

Pending before the Court is the Government's Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 8).  Through the Motion, the Government seeks to dismiss the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Docket No. 1). The Motion To Dismiss (Docket No. 8) is DENIED for the reasons set forth below.

The Government contends that the Petitioner's Motion is barred by the one-year statute of limitations applicable to actions brought pursuant to 28 U.S.C. § 2255.  Subsection (f) of Section 2255 establishes the one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.

According to the Government, the Petitioner's judgment became final on December 28, 2010, which was 90 days after the Sixth Circuit dismissed his appeal. Because he did not file this action until April 3, 2012,[1] more than three months after the statute of limitations had expired, the Government argues, this case should be dismissed as untimely.

The Petitioner contends, on the other hand, that the statute of limitations should be equitably tolled because his trial counsel failed to respond to numerous contacts from him and his family members seeking information about his case.

The Supreme Court has held that the one-year statute of limitations for actions filed under 28 U.S.C. § 2255 is subject to equitable tolling. Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. 130 S.Ct. at 2562.

In this case, Petitioner has filed copies of nine letters written to his trial counsel, and one to the Sixth Circuit Court of Appeals, dated from December 14, 2008, a month after his notice of appeal was filed, to November 30, 2011. (Docket No. 2-1). In the letters to counsel, the Petitioner repeatedly requests information about his case, requests copies of filings, and repeatedly asks why counsel refuses to accept numerous calls placed to him by the Petitioner and

---

[1] The actual filing date for the Motion To Vacate is April 6, 2012, but the Motion indicates that it was signed by the Petitioner on April 3, 2012.

his friends and family. (Id.)  Petitioner also expresses concern about complying with the 90-day deadline to file a petition for writ of certiorari with the Supreme Court in the event the Sixth Circuit rejects his appeal, and about the one-year deadline for filing a Section 2255 action. (Id., at p. 9, 11 of 19).  Petitioner also makes reference to a phone conversation in which Petitioner states trial counsel told him the Sixth Circuit had reversed his sentence in June, 2010. (Id., at p. 8, 15 of 19). Finally, in a letter dated December 11, 2011, the Petitioner writes the clerk of the Sixth Circuit requesting a copy of the June, 2010 decision vacating his sentence. (Id., at p. 14 of 19).  Petitioner claims he received the Sixth Circuit's decision dismissing his appeal on January 19, 2012, and has filed a copy of an envelope from the Sixth Circuit with a postmark of January 9, 2012, and with a handwritten notation that indicates receipt in the mailroom of the prison housing the Petitioner on January 19, 2012. (Id., p. 17 of 19).

Petitioner has also filed two affidavits stating that either he or his family members and friends tried to contact trial counsel at least 75 times with no response, and that 25 of those attempted contacts were by telephone. (Id., at 7 of 19; Docket No. 14, at p. 8 of 10).

Assuming Petitioner's statements to be true, as the Court is required to do in considering a motion to dismiss,[2] Petitioner's repeated efforts to gain information about his case demonstrate that he was pursuing his rights diligently.  His counsel's alleged failure to respond to his requests for information, along with Petitioner's mistaken belief that the Sixth Circuit had reversed his sentence in June, 2010, establish that an "extraordinary circumstance" stood in the way of his timely filing his Section 2255 action.  Therefore, the Court concludes that the statute of

---

[2] See Fed.R.Civ.P. 12; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

3

limitations should be equitably tolled such that Petitioner's Section 2255 action is not barred by the applicable statute of limitations.

The Government shall file its response to the claims raised by Petitioner on or before July 2, 2012, and the Petitioner shall file any reply on or before August 1, 2012.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE